UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES ORLONDO BONTY,<br><br>　　Plaintiff,<br><br>　v.<br><br>K. KUMAR, et al.,<br><br>　　Defendants. | Case No. 17-cv-03516-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 8 |

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against SVSP medical staff, alleging deliberate indifference to serious medical needs. He is granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## ANALYSIS

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

According to the complaint, plaintiff was involved in a serious automobile accident in 1981, leaving him with long-term gradual severe degenerative disease. In June 2010, SVSP medical staff were put on notice of plaintiff's condition. SVSP medical staff also "knew that this particular diagnosis required morphine treatment to relieve severe chronic pain." Compl. at 8.[1] Despite this knowledge, SVSP medical staff defendants involuntarily placed plaintiff in the California Prison Health Care Services Pain Management Program, where he did not receive morphine. From December 12, 2015 through May 6, 2016, defendants provided plaintiff with alternative medication that worsened plaintiff's condition to the point where he became immobile. Given plaintiff's adverse reaction to the alternative medication, defendants resumed his morphine treatment.

Plaintiff alleges an Eighth Amendment claim for deliberate indifference to serious medical needs and also requests that the court take supplemental jurisdiction over state law claims. He

---

[1] References to pages for plaintiff's filings are to the page numbers that are automatically assigned by the Court's electronic filing system and appear in the upper right-hand corner of the page.

2

1  names the following individuals as defendants: chief medical executive K. Kumar, chief physician

2  and surgeon Lawrence Gamboa, physician and surgeon J. Chudy, physician and surgeon Carl

3  Bourne, osteopath Edward M. Birdsong, primary care provider Jennifer Villafuerte, and primary

4  care provider Claudine Marie Lott.

5  Deliberate indifference to a prisoner's serious medical needs violates the Eighth

6  Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050,

7  1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d

8  1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when

9  two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and

10 (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v.*

11 *Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a

12 prisoner's condition could result in further significant injury or the "unnecessary and wanton

13 infliction of pain." *McGuckin*, 974 F.2d at 1059.

14 A prison official is deliberately indifferent if she or he knows that a prisoner faces a

15 substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

16 it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the

17 inference could be drawn that a substantial risk of serious harm exists," but he or she "must also

18 draw the inference." *Id.* "Prison officials are deliberately indifferent to a prisoner's serious

19 medical needs when they deny, delay, or intentionally interfere with medical treatment. . . . Mere

20 negligence in diagnosing or treating a medical condition, without more, does not violate a

21 prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)

22 (citation omitted); *see Farmer*, 511 U.S. at 835-36 & n.4 (recognizing that neither negligence nor

23 gross negligence will constitute deliberate indifference).

24 Plaintiff's allegations that he suffered from a severe degenerative condition and associated

25 chronic pain establish that he had a serious medical need. The complaint, however, fails to satisfy

26 the subjective prong of an Eighth Amendment claim in that it does not allege facts suggestive of

27 deliberate indifference by prison officials to a known risk to plaintiff's health or safety. Plaintiff's

28 vague and conclusory allegations regarding the failure to provide morphine treatment amount, at

most, to negligence, which is insufficient to state an Eighth Amendment claim. *Estelle*, 429 U.S. at 106 (negligence in treating medical condition does not state valid Eighth Amendment claim). Further, the complaint does not sufficiently link any named defendant to this claim. Therefore, the Eighth Amendment claim is dismissed. Dismissal is with leave to amend for plaintiff to add allegations that show defendants knew about plaintiff's serious medical need and deliberately prevented plaintiff from receiving necessary medical care.

If plaintiff wants to plead one or more state law claims against defendants, he must identify and allege the particular state law claim(s), and should allege that he is suing for relief under 28 U.S.C. § 1367 (the supplemental jurisdiction provision) as well as under 42 U.S.C. § 1983 (the civil rights statute that gives the Court federal question jurisdiction over the case). If plaintiff fails to amend his pleadings to state a viable federal claim, this Court likely will decline to exercise supplemental jurisdiction over the remaining state law claim(s). *See* 28 U.S.C. § 1367(c)(3).

In his amended complaint, plaintiff must specifically identify what each named defendant did or did not do with regard to each separate claim. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

The Court notes that plaintiff also complains that he was denied his right of access to the courts when a separate SVSP official—not a named defendant—failed to deliver plaintiff's civil tort state action to the Monterey County Superior Court. Plaintiff is advised that he may only allege claims in a single action that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. *See* Fed. R. Civ. P. 20(a)(2). Because plaintiff's access to courts claim is an unrelated claim against an individual unrelated to the named defendants, plaintiff must file a separate action for the claim. He also must either pay the $350.00 filing fee, or file a completed

4

court- approved in forma pauperis application, for each separately-filed action. *See* 28 U.S.C. § 1915.

**C.     Motion for Appointment of Counsel**

Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**CONCLUSION**

1.     Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff's motion for appointment of counsel is DENIED without prejudice.

2.     If plaintiff believes he can state a cognizable claim for relief, he shall file an AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 17-3516 HSG (PR)) and the words AMENDED COMPLAINT on the first page. If plaintiff files an amended complaint, he must allege, in good faith, facts—not merely conclusions of law—that demonstrate that he is entitled to relief under the applicable federal laws. **Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to plaintiff.**

3.     Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

Procedure 41(b).

5. The Clerk shall send plaintiff two blank civil rights forms along with his copy of this order.

This order terminates Docket No. 8.

**IT IS SO ORDERED.**

Dated: 9/29/2017

*(signature)*
HAYWOOD S. GILLIAM, JR.
United States District Judge