UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MILES ORLONDO BONTY,

Plaintiff,

v.

LAWRENCE GAMBOA, et al.,

Defendants.

Case No. 17-cv-03516-HSG (PR)

**ORDER OF SERVICE; DENYING AS UNNECESSARY MOTION TO AMEND COMPLAINT; DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Re: Dkt. Nos. 20, 22

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On September 29, 2017, plaintiff's original complaint was dismissed with leave to amend. On November 22, 2017, he filed an amended complaint, and on November 30, 2017, he filed another amended complaint. On December 15, 2017, plaintiff filed "a motion for leave to file a proper amended complaint with added facts and additional legal claims." Dkt. No. 20. Attached to that motion was an amended complaint, signed by plaintiff on December 12, 2017. Dkt. No. 20-1. The December 12, 2017 amended complaint is considered the operative complaint herein and is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**A.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendants, all members of the SVSP medical staff, failed to provide adequate medical care and pain treatment for his severe degenerative disc disease. When liberally construed, the allegations state a cognizable claim that defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

**1.     Deceased Defendant Problem**

Plaintiff states that one defendant, Edward Birdsong, DO, is now deceased. Dkt. No. 20-1 at 3. "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). Two things are required of a party for the running of the 90 day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233

(9th Cir. 1994). A party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 233. Rule 25 requires dismissal absent a motion for substitution within the 90 day period only if the statement of death was properly served. *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469-71 (2d Cir. 1998). Accordingly, plaintiff may attempt to locate defendant Birdsong's successor or representative and move for a substitution.

### 2. Doe Defendant Problem

Plaintiff has named Doe defendants. Because the use of Doe defendants is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), the Doe defendants will be dismissed without prejudice. Should plaintiff succeed in identifying the unknown defendants, he may, upon a proper showing, move to amend to add them to his complaint. *See id.*

## C. Motion for Appointment of Counsel

Plaintiff has requested appointment of counsel. Dkt. No. 22 at 4-8. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte. The request for appointment of counsel is therefore DENIED.

## CONCLUSION

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (dkt. no. 20-1), and a copy of this order upon the following defendants at **SVSP**: Dr. K. Kumar, Dr. Lawrence Gamboa, Dr. Claudine Marie Lott,

3

Dr. Joseph Chudy, Dr. Carl Bourne, Dr. Jennifer Villafuerte, Dr. Rachael Ross, Registered Nurse Morillo, and Dr. T. Nygen.

The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

2. Within **45 days** of this order, plaintiff must provide the Court with location information for defendant Birdsong's successor or representative such that the Marshal is able to effect service. Plaintiff must also file a motion for substitution. Failure to provide the requested information will result in the dismissal of defendant Birdsong without prejudice pursuant to Rules 4(m) and 25(a) of the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **120 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4

Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.     Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

    (The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

    5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No

further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

10. Plaintiff's motion for leave to amend the complaint is DENIED as unnecessary as plaintiff was already granted leave to amend prior to filing his amended complaint.

11. Plaintiff's motion for appointment of counsel is DENIED.

This order terminates docket nos. 20 and 22.

**IT IS SO ORDERED.**

Dated: 2/15/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge