UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES ORLONDO BONTY, <br> Plaintiff, <br> v. <br> LAWRENCE GAMBOA, et al., <br> Defendants. | Case No. 17-cv-03516-HSG (PR) <br><br> **ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR DEFENDANT NYGEN** |

Plaintiff, an inmate at Salinas Valley State Prison proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 15, 2018, the Court screened plaintiff's complaint and found that it stated a cognizable Eighth Amendment claim of deliberate indifference to serious medical needs. Service has been ordered on nine defendants. On March 22, 2018, the summons for defendant Dr. T. Nygen was returned unexecuted with the following remark by the United States Marshal: "The Salinas Valley State Prison and California Correctional Health Care Services could not provide a location to serve the summons." Docket No. 30. Accordingly, defendant Nygen has not been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Nygen. Consequently, plaintiff must remedy the situation or face dismissal of

defendant Nygen from this action without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Because the complaint has been pending for over 90 days, the Court will *sua sponte* grant plaintiff an extension of time to effect service on defendant Nygen.

Accordingly, within **sixty (60)** days of this order**,** plaintiff must effect service on defendant Nygen, or submit to the Court sufficient information to identify and locate defendant Nygen such that the Marshal is able to effect service. **If plaintiff fails to provide the court with the information requested within sixty (60) days of the date this order is filed, plaintiff's claim against defendant Nygen will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

The Court notes that it is also awaiting a motion for substitution or voluntary dismissal of a tenth defendant—Edward Birdsong—who is now deceased. Because the status of defendants Nygen and Birdsong remains unclear, the briefing schedule set forth in the Court's February 15, 2018 order of service is VACATED. The Court will issue a new briefing schedule for dispositive motions when all service issues have been resolved.

**IT IS SO ORDERED.**

Dated: 3/28/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

2