| | |
|---|---|
| MILES ORLONDO BONTY,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE GAMBOA, et al.,<br><br>Defendants. | Case No. 17-cv-03516-HSG (PR)<br><br>**ORDER REGARDING UNSERVED DEFENDANTS; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 32, 33 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983, against prison medical staff. On February 15, 2018, the Court found that plaintiff stated a cognizable claim of deliberate indifference to medical needs as against Dr. K. Kumar, Dr. Lawrence Gamboa, Dr. Claudine Marie Lott, Dr. Joseph Chudy, Dr. Carl Bourne, Dr. Jennifer Villafuerte, Dr. Rachael Ross, Registered Nurse Morillo, and Dr. T. Nygen and issued an order of service. The Court noted that a tenth defendant, Edward Birdsong, DO, was deceased and directed plaintiff to provide the Court with location information for defendant Birdsong's successor or representative such that the Marshal could effect service. On March 22, 2018, the summons for defendant Dr. T. Nygen was returned unexecuted. The Court ordered plaintiff to either effect service on defendant Nygen or provide the Court with his current location such that the Marshal could effect service. Now before the Court is plaintiff's response to the Court's directions regarding defendants Birdsong and Nygen. Plaintiff has also filed a "motion for an appropriate medical examination and issuance of adequate pain medication relief."

**DISCUSSION**

**A. Unserved Defendants**

Plaintiff requests a voluntary dismissal of deceased defendant Edward Birdsong. Plaintiff also indicates that defendant Nygen's name was misspelled on the complaint and asks to correct the spelling of defendant's name to Dr. Thao Nguyen and to direct to Marshal to reissue service. Plaintiff's requests will be granted pursuant to the instructions below.

Plaintiff has also identified one of the Doe defendants in his complaint as "J. Louis, Deputy Director" and asks that the Court direct the Marshal to issue service on J. Louis. The request will be denied without prejudice. As stated in the Court's February 15, 2018 order of service, if plaintiff succeeds in identifying any unknown defendants, he must, upon a proper showing, move to amend to add them to his complaint. Parties may not file piecemeal complaints or amendments that contain portions of claims and defendants.

**B. Motion for Preliminary Injunction**

Plaintiff's "motion for an appropriate medical examination and issuance of adequate pain medication relief" is construed as a motion for preliminary injunctive relief. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff's motion will be denied without prejudice. Plaintiff has not met his burden of proof for the issuance of a preliminary injunction. It is too early in the litigation to determine whether plaintiff is entitled to the relief he seeks through his complaint and injunction.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall re-issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the first amended complaint in this matter (dkt. no. 20-1), all attachments thereto, a copy of the Court's February 15, 2018 screening order (dkt. no. 25), and a copy of this order on defendant **Dr. Thao Nguyen** at **Salinas Valley State Prison**.

The Clerk is further directed to correct the spelling of defendant Nguyen's name on the court docket by substituting "Dr. Thao Nguyen" for "MD T. Nygen."

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

4. Plaintiff's request for voluntary dismissal of defendant Birdsong is GRANTED. Defendant Birdsong is dismissed without prejudice. The Clerk shall terminate Birdsong as a defendant on the docket in this action.

5. Plaintiff's request for service on J. Louis is DENIED without prejudice to plaintiff filing a motion to for leave to amend to properly add J. Louis to the complaint. If plaintiff opts to file a motion for leave to amend, it must be submitted with a proposed second amended complaint as required by Civil Local Rule 10-1. Plaintiff is cautioned that, because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint or first amended complaint by reference. If plaintiff decides to file a motion to amend with a proposed second amended complaint, he must do so within **28 days** from the filing date of this order. Defendants shall file an opposition or statement of non-opposition within **28 days** of the date the motion is filed. If plaintiff wishes to file a reply, he must do so within **14 days** of the date the opposition is filed.

4

6. Plaintiff's motion for preliminary injunctive relief is DENIED without prejudice.

This order terminates Dkt. Nos. 32 and 33.

**IT IS SO ORDERED.**

Dated: 5/1/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge