UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES ORLONDO BONTY,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE GAMBOA, et al.,<br><br>Defendants. | Case No. 17-cv-03516-HSG (PR)<br><br>**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT, SECOND ORDER OF SERVICE, ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 39, 40, 41, 43, 44 |

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983, against prison medical staff. On February 15, 2018, the Court found that plaintiff stated a cognizable claim of deliberate indifference to medical needs as against nine defendants and issued an order of service. Now before the Court is plaintiff's motion for leave to file a second amended complaint to add as defendants: J. Lewis and S. Gates at California Correctional Health Care Services as well as SVSP physician Darrin Bright. Plaintiff has submitted a proposed second amended complaint ("SAC") with the motion. Defendants have not filed an opposition. Also before the Court are plaintiff's: (1) motion for preliminary injunction, (2) motion for appointment of counsel, (3) motion to permit discovery and for scheduling conference, and (4) motion to modify defendants' subpoena.

## DISCUSSION

**A.    Motion for Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading.

Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(b). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). There is no indication that plaintiff's motion is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See id.* Nor is there any suggestion that allowing plaintiff to file his proposed SAC would cause defendants any undue prejudice. *See id.* Accordingly, plaintiff's motion for leave to amend is GRANTED.

The Court has screened the SAC as required by 28 U.S.C. § 1915A and finds that, liberally construed, it states cognizable Eighth Amendment claims for deliberate indifference to serious medical needs as against the following defendants: Dr. K. Kumar, Dr. Lawrence Gamboa, Dr. Claudine Marie Lott, Dr. Joseph Chudy, Dr. Carl Bourne, Dr. Jennifer Villafuerte, Dr. Rachael Ross, Registered Nurse Morillo, Dr. Thao Nguyen, J. Lewis, S. Gates, and Dr. Darrin Bright.

Plaintiff's Fourteenth Amendment due process claim (dkt. no. 43-1 at 19), is dismissed for failure to state a claim. The potential liability of defendants is under the Eighth Amendment, and is not under the Fourteenth Amendment's Due Process Clause. There is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Dismissal is without leave to amend as plaintiff has already amended twice, and it appears that further amendment would be futile.

**B.  Motion for Preliminary Injunction**

Plaintiff's second "motion for a physical examination and issuance of adequate pain medication" (dkt. no. 41) is construed as a motion for preliminary injunctive relief. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted)

(emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff's motion will be denied without prejudice. Plaintiff has not met his burden of proof for the issuance of a preliminary injunction. It is too early in the litigation to determine whether plaintiff is entitled to the relief he seeks through his complaint and injunction.

## C. Motion for Appointment of Counsel

Plaintiff has requested that counsel be appointed to assist him in this action. Dkt. No. 40. A district court has the discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is therefore DENIED. The Court will consider appointment of counsel on its own motion, and seek volunteer counsel to agree to represent plaintiff pro bono, if it determines at a later time in the proceedings that appointment of counsel is warranted.

## D. Motion for Discovery and Scheduling Conference

Plaintiff's motion to permit discovery (dkt. no. 44) is GRANTED. His request for a scheduling conference (*id.*) is DENIED as unnecessary. As stated in the Court's February 15, 2018 order of service, discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery. The parties are free to confer on their own regarding a discovery plan.

Plaintiff is advised that the court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses.

3

Discovery requests and responses normally are exchanged between the parties without any copy being sent to the court. *See* Fed. R. Civ. P. 5(d)(1) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).

**E.  Motion to Modify Defendants' Subpoena**

Plaintiff has filed a "motion to modify defendants' subpoena requesting disclosure of privileged protective matter" (dkt. no. 39), in which he objects to the scope of a subpoena from defendants seeking plaintiff's medical records. As stated above, the court is generally not involved in the discovery process. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

Accordingly, the motion is DENIED because there is no indication that plaintiff notified defendants of his objections or that the meet-and-confer process was accomplished before the motion was filed. The parties are reminded that they must put forth a good faith effort to resolve discovery disputes and shall be thorough and specific in their communications with each other.

**F.  Defendant Nurse Morillo**

Service was ordered on the original nine defendants on February 15, 2018. On May 1, 2018, the summons for defendant Nurse Morillo was returned unexecuted with the following remark by the United States Marshal: "unable to locate/ident employee." Dkt. No. 34. Accordingly, defendant Morillo has not been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant

and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Morillo. Consequently, plaintiff must remedy the situation or face dismissal of defendant Morillo from this action without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Plaintiff will be required to remedy the service defect pursuant to the instructions below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Plaintiff's motion for leave to file a second amended complaint is GRANTED. The Clerk shall separately FILE plaintiff's proposed SAC (dkt. no. 43-1). The Clerk is further DIRECTED to add J. Lewis, S. Gates, and Darrin Bright as defendants on the docket in this action.

2. Defendants Kumar, Gamboa, Lott, and Ross have been served and have appeared in this action. Defendants Chudy, Bourne, Villafuerte, Nguyen, and Morillo have been ordered served but have not yet appeared. The Court is still awaiting a returned summons from the United States Marshal showing whether Chudy, Bourne, Villafuerte, and Nguyen were successfully located and served. Defendants J. Lewis, S. Gates, and Darrin Bright have not yet been ordered served. Accordingly, the Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the SAC in this matter (dkt. no. 43-1), all attachments thereto, and a copy of this order on **Darrin Bright** at **SVSP** and on **J. Lewis** and **S. Gates** at **California Correctional Health Care Service, P.O. Box 588500, Elk Grove, CA 95758**. The Clerk also shall serve a copy of this order on plaintiff.

3. Within **ninety (90)** days of this order**,** plaintiff must effect service on defendant

Morillo, or submit to the Court sufficient information to identify and locate defendant Morillo such that the Marshal is able to effect service. **If plaintiff fails to provide the court with the information requested within ninety (90) days of the date this order is filed, plaintiff's claim against defendant Morillo will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

4. The briefing schedule set forth in the Court's May 1, 2018 order is VACATED. The Court will issue a new briefing schedule for dispositive motions when all service issues have been resolved.

This order terminates Dkt. Nos. 39, 40, 41, 43, and 44.

**IT IS SO ORDERED.**

Dated: 6/21/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge