UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILESORLONDO BONTY,<br>Plaintiff,<br>v.<br>K. KUMAR, et al.,<br>Defendants. | Case No. 17-cv-03516-HSG (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR DEFENDANT VILLAFUERTE** |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 15, 2018, the Court found that plaintiff stated a cognizable claim of deliberate indifference to medical needs as against nine defendants and issued an order of service. On June 21, 2018, the Court reviewed plaintiff's second amended complaint and ordered service on an additional three defendants.

On July 2, 2018, the summons for defendant Jennifer Villafuerte was returned unexecuted with the following remark by the United States Marshal: "Deft. is not employed @ SVSP or CDCR CCHCS. Unable to locate." Dkt. No. 62. Accordingly, defendant Villafuerte has not been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Villafuerte. Consequently, plaintiff must remedy the situation or face dismissal of defendant Villafuerte from this action without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, within **ninety (90)** days of this order**,** plaintiff must effect service on defendant Villafuerte, or submit to the Court sufficient information to identify and locate defendant Villafuerte such that the Marshal is able to effect service. **If plaintiff fails to provide the court with the information requested within ninety (90) days of the date this order is filed, plaintiff's claim against defendant Villafuerte will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

Dated: 7/9/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge