UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES ORLONDO BONTY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. KUMAR, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03516-HSG (PR)<br><br>**ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS; VACATING DOCKET NO. 10; DIRECTING PLAINTIFF TO PAY FULL FILING FEE**<br><br>Re: Dkt. Nos. 64, 82 |

　　Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 15, 2018, the Court found that plaintiff stated a cognizable claim of deliberate indifference to medical needs as against nine defendants and issued an order of service. Dkt. No. 25. On June 21, 2018, the Court reviewed plaintiff's second amended complaint ("SAC"), the operative complaint herein, and ordered service on an additional three defendants.[1] Dkt. No. 53. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") at the outset of this action. Dkt. No. 10.

　　Defendants have filed a motion to revoke plaintiff's IFP status under 42 U.S.C. 1915(g), the so-called "three strikes" provision of the Prison Litigation Reform Act.[2] Plaintiff has filed an opposition, and defendants have filed a reply. For the reasons discussed below, the motion to revoke plaintiff's IFP status is GRANTED. Plaintiff is granted **thirty (30)** days to pay the full filing fee or the case will be dismissed without prejudice.

---

[1] Plaintiff voluntarily dismissed one defendant who was deceased. *See* Dkt. Nos. 32, 35. Three additional defendants were later dismissed without prejudice after the Court was unable to serve them, and plaintiff was unable to provide location information to effectuate service. *See* Dkt. No. 96.

[2] The motion was originally filed by defendants Lott, Kumar, Gamboa, and Bourne. Dkt. No. 64. The remaining defendants later filed notices of joinder in the motion. Dkt. Nos. 74, 82, 83.

**DISCUSSION**

**A.      28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed *in forma pauperis*) "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, i.e., the word "frivolous" refers to a case that is "'of little weight or importance; having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Defendants bear the burden of establishing that plaintiff has three or more qualifying dismissals under § 1915(g) (or "strikes"), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. *Id.* at 1120.

**B.      Plaintiff's Prior "Strikes"**

Defendants argue that plaintiff has previously brought at least three lawsuits that have been dismissed on the basis that they were frivolous, malicious, or failed to state a claim. In support of their motion, defendants request judicial notice of court records from five prior cases that plaintiff brought in federal court: (1) *Bonty v. Escutia*, No. 1:07-cv-00428-LJO-GSA (E.D. Cal. Oct. 22, 2007) (hereafter "*Escutia*"); (2) *Bonty v. Reynoso*, No. 1:07-cv-00732-AWI-SMS (E.D. Cal. Sept. 8, 2008) (hereafter "*Reynoso*"); (3) *Bonty v. Hedgpeth*, No. 5:09-cv-5797 LHK (N.D. Cal. May 24, 2011) (hereafter "*Hedgpeth*"); (4) *Bonty v. Neotti*, No. 5:09-cv-3838 LHK (N.D. Cal. May 24, 2011) (hereafter "*Neotti*") *sub nom. Bonty v. Stevenson*; and (5) *Bonty v. Stevenson*, No. 11-16478

(9th Cir. Sept. 15, 2011) (hereafter "*Neotti Appeal*"). The request for judicial notice of these court records(which are filed as exhibits to the request at docket number 64-1) is GRANTED. *See* Fed. R. Evid. 201(b)(2).

The court records show that three of the five cases were dismissed for failure to state a claim upon which relief may be granted: *Escutia* (Dkt. No. 64-1 at 5-10), *Reynoso* (*id.* at 16-17), and *Neotti* (*id.* at 28-31). A fourth case was dismissed as frivolous: *Neotti Appeal*. *Id.* at 38-39. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (dismissed appeal counts as strike if appellate court relied on district court findings that appeal was not taken in good faith). As such, these four dismissals clearly qualify as "strikes." *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1121.[3]

Based on the foregoing, defendants have shown that plaintiff has suffered at least three "strikes" under § 1915(g). Plaintiff's opposition does not argue otherwise. Accordingly, the instant complaint is subject to dismissal pursuant to § 1915(g) unless plaintiff can show that he was in imminent danger of serious physical injury at the time he filed the instant complaint.

## C. Imminent Danger

A plaintiff who has three strikes under § 1915(g) may still proceed IFP by showing that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception only "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of [the] filing" of the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See Andrews II*, 493 F.3d at 1053.

In his opposition, plaintiff describes the medical care he received before and after he filed the complaint. He appears to argue that the care was inadequate over that period of time, that it caused him injury, and that it amounted to deliberate indifference by defendants. Specifically,

---

[3] The Court declines to reach herein whether *Hedgpeth*, which was a habeas action, counts as a qualifying strike. Defendants correctly point out that the dismissal of a habeas petition may count as a strike where the habeas petition is little more than a § 1983 action mislabeled as a habeas petition. *See Andrews*, 398 F.3d at 1122 n.12. The Court need not decide whether *Hedgpeth* was such a case given that it has already identified four other qualifying strikes.

3

plaintiff alleges that he had a previous ineffective knee surgery and received treatment for testicular cancer. Dkt. No. 85 at 2. There are no allegations that defendants were involved with these procedures. Moreover, these allegations are not related to the SAC, which focuses on plaintiff's lumbar degenerative disc disease and apparent replacement of his opioid medication with Tylenol and nonsteroidal anti-inflammatory drugs. *See* Dkt. No. 43-1 at 7, 10-18. Plaintiff claims that the alternative medication he was prescribed at the time he filed the SAC has caused him respiratory problems, hypertension, and muscle spasms. Dkt. No. 85 at 3. There is no support in the record for these allegations, and the Court rejects them as "conclusory" and "speculative." *See Andrews II*, 493 F.3d at 1050 n.11; *see also White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (alterations in original) (imminent danger exception does not apply because prisoner's allegation that he has "been deprived of life sustaining medication and medical attention/treatment, ha[s] been beaten, and/or otherwise tortured and allowed to suffer great pain, so that [his] health degenerated to a[n] extremely life-threatening degree" are "vague and utterly conclusory"). It is unfortunate that plaintiff—a 61-year-old-inmate[4]—suffers from so many medical conditions. Defendants' alleged indifference to plaintiff's medical needs, however, is an issue relating to the substance of his Eighth Amendment claim and is not determinative of whether or not he is excused from Section 1915(g)'s limitations on proceeding IFP. In sum, plaintiff's allegations do not indicate that he was in imminent danger when he filed his SAC, and therefore the exception does not apply to him.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

Defendants' motion to revoke Plaintiff's *in forma pauperis* status is GRANTED pursuant to 28 U.S.C. 1915(g). The Order entered September 28, 2017 (Dkt. No. 10), granting plaintiff leave to proceed *in forma pauperis*, is VACATED.

Because plaintiff's *in forma pauperis* status has been revoked, plaintiff may proceed with this action only if he pays the $400 filing and administrative fee in full. Plaintiff must pay the full

---

[4] Plaintiff's medical records indicate that his date of birth is October 3, 1957. *See* ECF No. 43-1 at 80.

4

filing fee within **thirty (30) days** of the date of this order.  If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to plaintiff re-filing upon payment of the full filing fee.

This order terminates Docket Nos. 64 and 82.

**IT IS SO ORDERED.**

Dated: 2/11/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge